**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**TYANNA FREDERICK**
338 53rd st NE
Washington DC, 20019
*Plaintiff,*

**v.**

**BRIDGECREST ACCEPTANCE CORPORATION**
c/o Registered Agent: Corporation Service Company
1156 15th St NW, Suite 605
Washington, D.C. 20005
*Defendant.*

**Civil Action No.** ________________

**JURY TRIAL DEMANDED**

*(Filing Date: November 12, 2026)*

*In Forma Pauperis Application Pending*
*(28 U.S.C. § 1915 / Form AO 240)*

Case: 1:26-cv-03992 JURY DEMAND
Assigned To : Unassigned
Assign. Date : 11/12/2026
Description: TRO/Prelim. Inj. (D-DECK)

**COMPLAINT**
**(Breach of Contract, Statutory Consumer Protection Violations, Fair Debt Collection Practices Act, and UCC Article 3 Tender)**

## I. JURISDICTION AND VENUE

1. **Diversity Jurisdiction (28 U.S.C. § 1332):** This Court has original subject-matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because there is complete diversity of citizenship between the parties—Plaintiff is a citizen of [the District of Columbia / the State of Maryland] and Defendant is an Arizona corporation with its principal place of business in Tempe, Arizona—and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

2. **Federal Question and Supplemental Jurisdiction (28 U.S.C. §§ 1331, 1367):** This Court also exercises original jurisdiction pursuant to 28 U.S.C. § 1331 over Plaintiff's federal statutory claims arising under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, and exercises supplemental jurisdiction over related District of Columbia statutory and common-law claims pursuant to 28 U.S.C. § 1367(a).

3. **Venue (28 U.S.C. § 1391):** Venue is proper in the United States District Court for the District of Columbia pursuant to 28 U.S.C. § 1391(b)(1)–(2) because Defendant regularly conducts auto-financing business in this District, maintains a registered agent for service of process within

RECEIVED
NOV 12 2026
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

this District, and a substantial part of the events or omissions giving rise to these claims occurred herein.

## II. PARTIES

4. Plaintiff Tyanna Frederick is an individual residing at [Insert Current Legal Address: 338 53rd St NE, Washington, D.C. 20019 OR 2298 Woodberry Drive, Bryans Road, MD 20616].

5. Defendant Bridgecrest Acceptance Corporation is an auto-finance servicing corporation organized under the laws of the State of Arizona, conducting business nationwide and within the District of Columbia, and may be served with process through its registered agent, Corporation Service Company, located at 1156 15th St NW, Suite 605, Washington, D.C. 20005.

## III. FACTUAL ALLEGATIONS

6. Plaintiff holds a retail installment auto financing account serviced by Defendant (Account No. [Insert Account Number]) secured by a motor vehicle.

7. On or about August 24, 2026, Plaintiff delivered to Defendant via Certified/Registered Mail (Tracking No. [Insert Tracking Number]) a financial instrument in the amount of **$30,000.00** tendered to satisfy and discharge the outstanding account balance.

8. Defendant received the registered delivery on or about [Date Received], as confirmed by postal tracking records.

9. Despite receipt of the $30,000.00 tender, Defendant refused to credit or apply the instrument to Plaintiff's account, failed to issue a lien release for the vehicle, and continued to report and assert an outstanding delinquent balance.

10. Defendant's servicing, accounting, and collection practices have been the subject of multiple federal consumer credit actions, including *Gambrell v. Bridgecrest Acceptance Corporation et al.*, Case No. 6:23-cv-06245 (D.S.C.), *Kapphahn et al. v. Bridgecrest Acceptance Corporation et al.*, Case No. 0:25-cv-02409 (D. Minn.), and *Caughey v. Bridgecrest Acceptance Corporation et al.*, Case No. 2:23-cv-00264 (W.D. Pa.).

## IV. CAUSES OF ACTION AND CONTROLLING LEGAL AUTHORITY

### Count I — Tender of Payment and Discharge Under UCC Article 3 (D.C. Code §§ 28:3-104, 28:3-310, 28:3-603)

11. Plaintiff realleges and incorporates by reference Paragraphs 1 through 10 as if fully set forth herein.

12. Plaintiff alleges that the $30,000.00 instrument delivered via registered mail constituted a valid tender of payment pursuant to D.C. Code § 28:3-104, discharging the underlying obligation under D.C. Code §§ 28:3-310 and 28:3-603. Under District of Columbia precedent governing tender of payment, a valid and unconditional tender of the full amount due stops the running of interest and discharges security interests upon refusal without lawful justification. *See First Nat'l Realty Corp. v. Impact Advertising, Inc.*, 206 A.2d 579 (D.C. 1965); *Shalom Baranes Assocs., P.C. v. 900 F Street Corp.*, 940 F. Supp. 1 (D.D.C. 1996).

**Count II — Breach of Contract and Duty of Good Faith and Fair Dealing**

13. Plaintiff realleges and incorporates by reference Paragraphs 1 through 12 as if fully set forth herein.

14. Under District of Columbia law, every contract contains an implied covenant of good faith and fair dealing requiring that neither party do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract. *Allworth v. Howard Univ.*, 890 A.2d 194, 201 (D.C. 2006); *Paul v. Howard Univ.*, 754 A.2d 297, 310 (D.C. 2000). To establish a breach of contract, a plaintiff must demonstrate: (1) a valid contract between the parties; (2) an obligation or duty arising out of the contract; (3) a breach of that duty; and (4) damages caused by the breach. *Tsintolas Realty Co. v. Mendez*, 984 A.2d 181, 187 (D.C. 2009).

15. Defendant breached its express contractual obligations and the implied covenant of good faith and fair dealing by refusing to properly account for Plaintiff's $30,000.00 tender and failing to release the lien on Plaintiff's vehicle.

**Count III — District of Columbia Consumer Protection Procedures Act (D.C. Code § 28-3904)**

16. Plaintiff realleges and incorporates by reference Paragraphs 1 through 15 as if fully set forth herein.

17. Defendant engaged in unlawful trade practices in violation of D.C. Code § 28-3904(e), (f), and (r) by misrepresenting the status and remaining balance of Plaintiff's obligation and enforcing unconscionable servicing terms. Under D.C. Code § 28-3905(k)(2), an aggrieved consumer may recover treble damages or $1,500.00 per violation, whichever is greater, together with reasonable attorney's fees, punitive damages, and injunctive relief. *See Grayson v. AT&T Corp.*, 15 A.3d 219 (D.C. 2011); *District Cablevision Ltd. P'ship v. Bassin*, 828 A.2d 714 (D.C. 2003).

**Count IV — Fair Debt Collection Practices Act (15 U.S.C. §§ 1692e, 1692f)**

18. Plaintiff realleges and incorporates by reference Paragraphs 1 through 17 as if fully set forth herein.

19. To the extent Defendant acted as a debt collector within the meaning of 15 U.S.C. § 1692a(6), Defendant violated 15 U.S.C. § 1692e(2)(A) and § 1692e(8) by falsely representing the character, amount, or legal status of the alleged debt and communicating credit information known or which should be known to be false after receiving Plaintiff's tender and dispute.

**Count V — Punitive Damages for Willful and Reckless Conduct**

20. Plaintiff realleges and incorporates by reference Paragraphs 1 through 19 as if fully set forth herein.

21. Under District of Columbia law, punitive damages are recoverable where a defendant's conduct is accompanied by fraud, ill will, recklessness, wantonness, oppressiveness, or willful disregard of the plaintiff's rights. *Jonathan Woodner Co. v. Breeden*, 665 A.2d 929, 938 (D.C. 1995); *Bernstein v. Fernandez*, 649 A.2d 1064, 1073 (D.C. 1991). Defendant's refusal to honor Plaintiff's tender and its continued assertion of a delinquent balance constitute willful and reckless disregard of Plaintiff's statutory and contractual rights.

**V. PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Tyanna Frederick respectfully demands judgment against Defendant Bridgecrest Acceptance Corporation as follows:

**a. Equitable and Injunctive Relief:** Enter an Order directing Defendant to credit the **$30,000.00** tender toward full satisfaction of Account No. [Insert Account Number] and execute an immediate release of lien on the subject motor vehicle;

**b. Compensatory and Statutory Damages:** Award actual and compensatory damages in the amount of **$30,000.00**, together with treble damages (**$90,000.00**) or statutory damages of **$1,500.00** per violation pursuant to D.C. Code § 28-3905(k)(2)(A), plus statutory damages up to **$1,000.00** pursuant to 15 U.S.C. § 1692k(a)(2)(A);

**c. Punitive Damages:** Award punitive damages in an amount determined by the jury, up to **$10,879,000.00**, for willful and reckless disregard of Plaintiff's rights under District of Columbia law (bringing total monetary relief demanded to **$11,000,000.00**, as detailed in Exhibit A); and

**d. Costs and Further Relief:** Award Plaintiff all allowable service of process and litigation costs pursuant to 28 U.S.C. § 1920 and Fed. R. Civ. P. 54(d), and such other and further relief as this Court deems just and proper. *(Note: Federal civil action filing fees omitted pursuant to Plaintiff's concurrent Application to Proceed Without Prepaying Fees or Costs under 28 U.S.C. § 1915).*

Respectfully submitted,

Dated: November 11, 2026

______________________________

**Tyanna Frederick,** ***Pro Se***